## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| Palmetto Design Associates, Inc., | ) | Civil Action No.: 0:20-cv-04234-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| B G Framing Co., Inc.; BVBC Financial | ) | |
| Group, Inc.; and Accident Insurance | ) | |
| Company, Inc., | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is Defendant Accident Insurance Company's ("AIC") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 7.) Plaintiff has offered no Response to the Motion. Specifically, the Motion seeks dismissal of Plaintiff's claim brought under the South Carolina Unfair Trade Practices Act ("SCUTPA") against AIC. (*Id.*) For the reasons set forth below, the court **GRANTS** the Motion to Dismiss (*id.*), **DENIES AS MOOT** AIC's request to stay certain deadlines while the instant Motion was pending (ECF No. 8), and **DISMISSES WITH PREJUDICE** Plaintiff's Sixth Cause of Action alleging a SCUTPA claim against AIC (*see* ECF No. 1-1).

## I.    RELEVANT BACKGROUND[2]

Plaintiff contracted with B G Framing to build a multi-floor hotel in 2016 ("Project"). (ECF No. 1-1 at 3 ¶ 8, 5 ¶¶ 23-24.) B G Framing was required to obtain insurance for the work completed on the Project and "list Plaintiff as an additional insured on the policy." (*Id*. at 4 ¶ 12.) B G Framing contacted BVBC to help secure insurance, and BVBC in turn "obtained insurance policies from AIC on behalf of B G Framing." (*Id*. ¶¶ 13-14.)

_____

[1] The court refers to Defendant B G Framing Co., Inc. as "B G Framing" and Defendant BVBC Financial Group, Inc. as "BVBC."
[2] The following facts are taken from the allegations within the Complaint. (*See* ECF No. 1-1.)

In October 2017, Plaintiff received an engineering report that highlighted construction deficiencies based on B G Framing's work. (*Id*. at 5 ¶ 19.) Although B G Framing later reassured Plaintiff these issues had been addressed, in January 2018 "multiple floors within the Project collapsed, rendering large portions, if not all, of the Project unusable and damaged." (*Id*. ¶¶ 22-23.) A second report was then completed that again attributed the "floor collapsing to the [w]ork furnished by B G Framing." (*Id*. ¶ 25.) A few days later, Plaintiff "put Defendants on notice of its intent for AIC, BVBC, and any additional insurers of B G Framing to conduct an investigation regarding the work performed by B G Framing and the ensuing damage [to the Project] caused by B G Framing." (*Id*. ¶ 27.) However, Plaintiff alleges that "B G Framing and its insurers have not cooperated with Plaintiff to process the claim[,] . . . formally provided a response contesting the claim," or "compensate[d] Plaintiff for the damages sustained . . . as a result of B G Framing's defective and/or deficient [w]ork." (*Id*. at 6 ¶¶ 28-29.)

Plaintiff filed this case on September 30, 2020, in state court. (ECF No. 1-1 at 1.) Plaintiff alleged, *inter alia*, that AIC violated SCUTPA by "commit[ing] unfair and deceptive acts in the handling of Plaintiff's claim(s) made on" two insurance policies AIC issued to B G Framing. (*Id*. at 14 ¶ 87.) AIC later removed the action to this court, and shortly thereafter filed the instant Motion to Dismiss. (ECF Nos. 1, 7.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is purportedly "a citizen of the State of South Carolina." (ECF No. 1-1 at 2 ¶ 1.) AIC alleges that B G Framing and BVBC are foreign corporations incorporated in Georgia and that AIC is a foreign corporation incorporated in New Mexico. (ECF No. 1 at 1-2 ¶¶ 2-4.) AIC has

also pled that the amount in controversy exceeds $75,000.00. (ECF No. 1 at 1 ¶ 7.) *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (finding defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).

## III.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Unless it appears certain that the plaintiff can prove no set of facts that would support their claim and would entitle them to relief, a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Finally, courts have held that, unless otherwise specified, a dismissal for failure to state a

claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

## IV.    ANALYSIS

"[I]nsurance providers are separately regulated under South Carolina law and are not subject to . . . SCUTPA." *Thomas v. Tramaine-Frost*, No. 4:16-CV-1266-TLW-TER, 2017 WL 9287004, at *5 (D.S.C. Jan. 12, 2017), *report and recommendation adopted*, No. 4:16-CV-1266-TLW, 2017 WL 781071 (D.S.C. Feb. 28, 2017) (compiling cases). Instead, "all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act" ("ITPA").[3] *Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co.*, 868 F. Supp. 128, 131 (D.S.C. 1994); *see K & M Merch., LLC v. Am. W. Home Ins. Co.*, No. 4:09-CV-1943-TLW-TER, 2010 WL 597217, at *1 (D.S.C. Feb. 16, 2010). However, ITPA "clearly manifests legislative intent to create an administrative remedy and not a private right of action." *Masterclean, Inc. v. Star Ins. Co.*, 556 S.E.2d 371, 377 (S.C. 2001); *Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F. Supp. 2d 453, 463 (D.S.C. 2008) (dismissing plaintiff's ITPA claim against an insurance provider and noting "the appropriate channel for [p]laintiff's assertions that State Farm violated [the ITPA and other statutes] would have been an administrative complaint through the Department of Insurance").

---

[3] In particular, a section of SCUTPA explicitly asserts that SCUTPA "does not supersede or apply to unfair trade practices covered and regulated under" the provisions of ITPA. S.C. Code § 39-5-40(c) (1962).

Here, Plaintiff's SCUTPA claim against AIC must be dismissed. It appears undisputed that AIC is an insurance provider; SCUTPA is therefore inapplicable. *See Thomas*, 2017 WL 9287004, at *5; *Ray v. Gen. Ins. Co. of Am.*, No. 3:11-CV-449-JFA, 2011 WL 1254106, at *2 (D.S.C. Apr. 4, 2011); *Nelson Mullins Riley & Scarborough, LLP v. Aon Risk Servs. of New York*, No. 4:04-CV-21962-TLW, 2008 WL 3049850, at *6 (D.S.C. July 18, 2008). Nor is ITPA a potentially availing avenue, as ITPA simply creates an administrative remedy rather than "a private right of action." *Snyder*, 586 F. Supp. 2d at 463. Thus, as Plaintiff's allegations are insufficient to state a claim upon which relief can be granted under any applicable statute, its SCUTPA claim against AIC must be dismissed.

## V.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendant AIC's Motion to Dismiss (ECF No. 7), **DENIES AS MOOT** AIC's request to stay certain deadlines (ECF No. 8), and **DISMISSES WITH PREJUDICE** Plaintiff's Sixth Cause of Action alleging a SCUTPA claim against AIC (*see* ECF No. 1-1).[4]

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 1, 2021
Columbia, South Carolina

---

[4] To be clear, only the Sixth Cause of Action in the Complaint against AIC is dismissed. The Sixth Cause of Action otherwise remains against BVBC, as BVBC has not sought dismissal on this claim. All other claims remain against Defendants.