IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Palmetto Design Associates, Inc., | ) Civil Action No.: 0:20-cv-04234-JMC |
| Plaintiff, | ) |
| | ) **ORDER AND OPINION** |
| v. | ) |
| | ) |
| BG Framing Co., Inc., BVBC Financial Group, Inc., Accident Insurance Company, Inc., | ) |
| Defendants. | ) |

Plaintiff Palmetto Design Associates, Inc., filed this action seeking damages from Defendants BG Framing Company, Inc. ("BG Framing"), BVBC Financial Group, Inc. ("BVBC"), and Accident Insurance Company, Inc. ("AIC"), for alleged injuries arising out of a contract regarding the construction of a hotel. (ECF No. 1-1 at 3 ¶ 7.) Plaintiff asserts claims against all Defendants for (1) breach of contract; asserts claims specifically against BVBC and AIC for (2) bad faith and (3) breach of fiduciary duty; asserts a claim specifically against BVBC for (4) violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 to -560 (West. 2021)[1]; and asserts claims specifically against BG Framing for (5) negligence and (6) breach of warranty. (ECF No. 1-1.)

This matter is before the court upon various Motions by Defendant BG Framing. BG Framing moves the court to (1) dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; or (2) in the alternative, dismiss the case for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure; or (3) in the

---

[1] Plaintiff originally also asserted this claim against AIC, but the court granted AIC's Motion to Dismiss the claim. (ECF No. 21.)

alternative, dismiss the case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; or (4) compel arbitration. (ECF No. 13.) In reply to Plaintiffs' opposition memorandum, BG Framing further asserts that, notwithstanding their prior arguments, mediation is required. (ECF No. 19 at 3.) For the reasons set forth below, the court **DENIES** BG Framing's Motion to Dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), **DENIES WITHOUT PREJUDICE** BG Framing's Motion to Dismiss the case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), **DENIES WITHOUT PREJUDICE** BG Framing's Motion to Dismiss the case for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), **DENIES** BG Framing's Motion to Compel Arbitration, and **ORDERS** the parties to submit to non-binding mediation and **STAYS** the instant case until the parties complete the mediation.[2]

## I. RELEVANT BACKGROUND TO PENDING MOTION

On October 7, 2016, Plaintiff and BG Framing executed a written contract ("the Contract") under which BG Framing was to perform wood framing for a multi-floor hotel project in Rock Hill, South Carolina. (ECF No. 1-1 at 3 ¶¶ 7–10.) The Contract contains a provision labelled "**SECTION 6. CONTRACTUAL RELATIONSHIP, ARBITATION**" outlining the dispute resolution procedures which reads, in pertinent part:

> "(c) [BG Framing] agrees that any claim or controversy of whatever between [Plaintiff] and [BG Framing], including but not limited to the issue of arbitrability of a dispute, arising out of or relating to this Subcontract or the breach of it, shall be resolved by the dispute resolution procedures set forth below. If the controversy is not resolved by discussions among the parties, [BG Framing] agrees to then attempt in good faith to settle the dispute[s] by mediation pursuant to the rules of the Construction Industry Mediation Procedures of the American Arbitration Association ("AAA"), before resorting to arbitration, litigation, or some other

---

[2] In denying the aforementioned Motions without prejudice, the court observes that it has not considered the merits of said Motions because they will not be ripe unless the matter returns to this forum after mediation. *See infra* at 5.

dispute resolution procedure. **SHOULD ANY DISPUTES REMAIN OR EXIST BETWEEN THE PARTIES AFTER COMPLETION OF THE DISPUTE RESOLUTION PROCESS SET FORTH ABOVE, THEN, AT THE SOLE DISCRETION OF [PLAINTIFF], THE PARTIES SHALL PROMPTLY SUBMIT ANY DISPUTE, CLAIM OR CONTROVERSY ARISING OUT OF OR RELATING TO THIS SUBCONTRACT OR ANY DISPUTE CONTEMPLATED BY THIS SUBCONTRACT INCLUDING ANY ACTION IN TORT, CONTRACT, OR OTHERWISE, AT EQUITY OR AT LAW, OR ANY ALLEGED BREACH, INCLUDING, BUT NOT LIMITED TO, ANY MATTER WITH RESPECT TO THE MEANING, EFFECT, VALIDITY, TERMINATION, INTERPRETATION, PERFORMANCE OR ENFORCEMENT OF THIS SUBCONTRACT TO BINDING ARBITRATION IN ACCORDANCE WITH THE AAA CONSTRUCTION INDUSTRY ARBITRATION RULES WHICH ARE INCORPORATED HEREIN BY REFERENCE**. . . ."

(*Id.* at 24 ¶ 6 (emphasis in original).)

Plaintiff filed this suit on September 30, 2020, in state court. (ECF No. 1 at 1 ¶ 1.) AIC later removed the action to this court. (*Id.*)

BG Framing filed the instant Motions to Dismiss and Compel Arbitration on January 4, 2021. (ECF No. 13.)

## II. JURISDICTION

This court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states . . . ." 28 U.S.C. § 1332(a). Plaintiff has its principal place of business in, and thus is a citizen of, South Carolina. (ECF No. 1-1 at 2 ¶ 1.) Both Plaintiff and AIC allege that BG Framing and BVBC are foreign corporations, incorporated in Georgia. (ECF Nos. 1 at 1 ¶ 2–2 ¶ 4; 1-1 at 2 ¶ 2–3 ¶ 3.) AIC alleges it is a corporation incorporated in New Mexico. (ECF No. 1 at 1–2 ¶ 2–4.) The court thus finds there is complete diversity of citizenship between the parties. AIC has also pleaded that the amount in controversy exceeds $75,000.00. (ECF No. 1 at 1 ¶ 7.) BG Framing has made no assertion to the contrary. (ECF Nos. 13-1; 19.) Accordingly, the

3

court finds the jurisdictional minimum is met. Based on the above reasoning, the court has original jurisdiction over this case and the court **DENIES** BG Framing's Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### III. LEGAL STANDARD

"Arbitration agreements, like other contracts, are enforceable in accordance with their terms." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989); *Munoz v. Green Tree Fin. Corp.*, 542 S.E.2d 360, 364 (S.C. 2001).

"The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language." *Palmetto Mortuary Transp., Inc. v. Knight Sys., Inc.*, 818 S.E.2d 724, 733 (S.C. 2018) (quoting *Schulmeyer v. State Farm Fire & Cas. Co.*, 579 S.E.2d 132, 134 (S.C. 2003)). "If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." *Id.* (quoting *Schulmeyer*, 579 S.E.2d at 134); *see also Jordan v. Sec. Group, Inc.*, 428 S.E.2d 705, 707 (S.C. 1993).

### IV. ANALYSIS

In response to BG Framing's Motion to Compel Arbitration, Plaintiff contends that BG Framing has no right under the Contract to compel arbitration because the Contract's plain language provides that arbitration, as opposed to litigation, is to be initiated "**AT THE SOLE DISCRETION OF [PLAINTIFF]**[.]" (ECF No. 1-1 at 24 ¶ 6 (emphasis in original).) BG Framing does not dispute this assertion. (ECF No. 19.) As the Contract clearly states that any power to compel arbitration lies solely with Plaintiff, the court has no choice but to **DENY** BG Framing's Motion to Compel Arbitration.[3]

---

[3] Even if the Contract gave BG Framing the ability to trigger arbitration, because the Contract provides that "the issue of arbitrability of a dispute . . . shall be resolved by the [Contract's] dispute resolution procedures," (ECF No. 1-1 at 24 ¶ 6), the court still could not grant BG Framing's

4

However, BG Framing next argues that Plaintiff's "sole discretion" to choose between arbitration or litigation only arises once mediation fails. (ECF No. 19 at 3.) The court agrees. The Contract provides that in the event discussions between the parties fails to resolve a dispute, "[BG Framing] agrees to then attempt in good faith to settle the dispute[s] by mediation . . . before resorting to arbitration, litigation, or some other dispute resolution procedure." (ECF No. 1-1 at 24 ¶ 6.) Therefore, the court finds mediation is a prerequisite to litigation (or arbitration) for both[4] parties in this case.

BG Framing states that mediation has not occurred. (ECF No. 19 at 4.) Plaintiff's opposition memorandum is silent on the matter and does not address the contractual language excerpted above that requires mediation. (ECF No. 18.) With no contradictory assertion from Plaintiff, the court finds mediation has not occurred. By the terms of the Contract, the parties are required to enter into mediation before this action can be further litigated.

---

Motion at present because the determination of whether the claims fall within the scope of the arbitration agreement is not within the province of the court. *See Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 563 (4th Cir. 2015) ("[A court] will compel arbitration . . . if [it can determine]: (i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement."); *see also Zabinski v. Bright Acres Assocs.*, 553 S.E.2d 110, 118 (S.C. 2001) ("The question of the arbitrability of a claim is an issue for judicial determination, *unless the parties provide otherwise*.") (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)) (emphasis added).

[4] While the Contract only says that "[BG Framing] agrees" to mediating disputes as a condition precedent to litigation, arbitration, or the like, this requirement must also bind Plaintiff for two reasons. First, the Contract says "*any claim or controversy of whatever between [Plaintiff] and [BG Framing]* . . . shall be resolved by the dispute resolution procedures set forth below[.]" (ECF No. 1-1 at 24 ¶ 6 (emphasis added).) Thus, any claim, not just those brought by BG Framing, must follow the dispute resolution procedures (which include mediation). Second, the Contract states mediation must be attempted "before resorting to *arbitration*, litigation, or some other dispute resolution procedure." (*Id.* (emphasis added).) Given that the Contract only gives Plaintiff the power to arbitrate, the obligation to mediate must also apply to Plaintiff, or else the word "arbitration" in the aforementioned sentence would have no effect. *See* Restatement (Second) of Contracts § 203(a) (1981) ("[A]n interpretation which gives . . . effective meaning to all the terms is preferred to an interpretation which leaves a part . . . of no effect[.]").

While BG Framing moves to dismiss this case, Plaintiff has requested that the court instead stay these proceedings. (ECF No. 18 at 6.) Because Plaintiff asserts claims that are subject to a three (3) year statute of limitations, Plaintiff could be prejudiced if the mediator determines those claims are not arbitrable and Plaintiff is barred from refiling those claims within the statute of limitations. *See* S.C. Code Ann. § 15-3-530 (West. 2020); *Widener v. Fort Mill Ford*, 674 S.E.2d 172, 174 (S.C. Ct. App. 2009) (holding that where "there is a potential the statute of limitations could bar refiling of any unarbitrated claims in court[,]" rather than issue a dismissal, a trial court is to "enter an order staying [the] action pending the outcome of the arbitration proceedings"). Accordingly, the court grants Plaintiff's request to stay the case.

The parties' Contract provides for a dispute resolution process, and the court will give effect to the parties' intentions. Accordingly, the court declines to dismiss this action but instead orders the parties to go to non-binding mediation in accordance with the Contract.[5] *Cf. Wang v. Am. Int'l Grp., Inc.*, No. 2:10-cv-03146, 2011 WL 13137675, at *4 (D.S.C. Mar. 4, 2011).

## V. CONCLUSION

For the foregoing reasons, the court **DENIES** BG Framing's Motion to Dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), **DENIES WITHOUT PREJUDICE** BG Framing's Motion to Dismiss the case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), **DENIES WITHOUT PREJUDICE** BG Framing's Motion to Dismiss the case for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and **DENIES** BG Framing's Motion to Compel Arbitration. (ECF No. 13.) The court **ORDERS** the parties to submit to non-binding mediation, in accordance with the terms of the Contract. The

---

[5] Following mediation, "at the sole discretion" of Plaintiff, Plaintiff could choose to arbitrate. (ECF No. 1-1 at 24 ¶ 6.)

parties are further **ORDERED** to file a joint status every sixty (60) days until the completion of the mediation. The court **STAYS** the instant case while mediation is proceeding.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 2, 2021
Columbia, South Carolina